IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                             CRIMINAL NO. 1:15CR51-LG-JCG-1

FUNSO HASSAN

**ORDER DENYING MOTION TO DISMISS
FOR SPEEDY TRIAL VIOLATION**

BEFORE THE COURT is the Defendant's Motion [9] to Dismiss for Speedy Trial Violation. Defendant Hassan contends that the information filed against him is ineffective to satisfy the requirements of the Speedy Trial Act because section 3161(b) of the Act requires an indictment within thirty days of arrest or service with a summons. The defendant requests dismissal because he is yet to be indicted. Further, the defendant contends that the Court should dismiss the information because Fed. R. Crim. P. 7 requires that a felony be prosecuted by way of an indictment rather than an information, and Rule 48(b) allows dismissal when indictment has been unnecessarily delayed. The government has responded to the defendant's arguments, but the defendant did not file a rebuttal.[1] After due consideration of the issues presented, it is the Court's opinion that dismissal is not warranted for any of the reasons urged by the defendant.

First, as the government points out, section 3161(b) of the Speedy Trial Act

---

[1] At the detention hearing conducted by the Magistrate Judge on July 16, 2015, the Magistrate Judge required that any rebuttal be filed by the end of the day.

requires that:

> (b) Any *information or indictment* charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

18 U.S.C. 3161(b) (emphasis added). Defendant was arrested on June 2, 2015 in the Eastern District of Kentucky, and the information against him was filed in this District on July 1, 2015. This sequence of events satisfies section 3161(b) of the Speedy Trial Act. As there has been no violation of the Act, dismissal is unwarranted.

Next, the defendant argues that the charges against him should be dismissed because of the delay in indicting him. He is charged with the commission of three felonies, and argues that pursuant to Fed. R. Crim. P. 7, the government may not prosecute the charges against him without an indictment or a waiver of indictment, neither of which have been obtained.

The government agrees that it cannot prosecute the defendant without an indictment or a waiver of an indictment, but argues that Rule 7 has no bearing on its ability to initiate the case with an information. In support, the government cites *United States v. Hsin-Yung*, 97 F. Supp. 2d 24 (D.D.C. 2000), in which the court relied on the Tenth Circuit Court of Appeals' statement that "Rule 7(b) does not prohibit the *filing* of an information in the absence of waiver of indictment by the defendant. Instead, the rule proscribes *prosecution* without waiver." *Hsin-Yung*, 97 F. Supp. 2d at 28 (quoting *United States v. Cooper*, 956 F.2d 960, 962 (10th Cir.

1992) (emphasis in original)).  A timely filed information provides a valid basis for prosecution.  *Cooper*, 956 F.2d at 962; *see also United States v. Burdix-Dana*, 149 F.3d 741, 742-43 (7th Cir. 1998) (Rule 7(b) concerns requirements of proceeding with a prosecution, not how prosecution must be instituted).  The Court therefore concludes that the defendant is not entitled to dismissal for the reason that his felony prosecution has begun with an information.

Finally, the defendant argues that the government's delay in obtaining an indictment warrants dismissal of the information pursuant to Fed. R. Crim. P. 48(b).  The Rule "embodies the district court's inherent power to dismiss for want of prosecution," *United States v. Trahan*, 333 F. App'x 818, 820 (5th Cir. 2009), and provides that the Court may dismiss an information if "unnecessary delay" occurs in presenting the charges to a grand jury.

The government argues that there has been no unnecessary delay - that it has been prepared to present the case to the grand jury, but the grand jury has not met since this prosecution was initiated.  The scheduled July 7 session was postponed until July 14 to allow the Judge to attend an out-of-district bar conference.  The July 14 session was cancelled due to the unavailability of sufficient grand jurors.  The government argues that the resulting delay is not of its making, and it has not gained any strategic advantage, nor has the defendant been subject to any harm.

The Court finds no unnecessary delay in the prosecution of this case.  There is no indication that the government is at fault for its failure to present the charges

to the grand jury before this date.  The Court therefore declines to exercise its Rule 48(b) discretion to dismiss the information against the defendant.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendant's Motion [9] to Dismiss for Speedy Trial Violation is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 17th day of July, 2015.

s\ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief U.S. District Judge